UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Holmes, | ) C/A No. 2:11-00287-TLW-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Mr. Harvey Lappin, Director Federal Bureau of Prisons;<br>Mrs. Darlene Drew, Warden;<br>Ms. Tovia Thomas, Case Manager;<br>Ms. Jerri Comstock, Discipline Hearing Officer;<br>Captain Gerald Del Ray;<br>Ms. Betty Outlaw, Unit Manager;<br>Ms. Ursla Williams, Unit Officer at FCI Bennettsville;<br>Mr. Ray Holt, Southeast Regional Director;<br>Mr. Harrel Watts, Administrator National Inmate Appeals, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Anthony L. Holmes (Plaintiff), a self-represented federal prisoner, brings this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1]  Plaintiff is an inmate at Federal Correctional Institution (FCI) Bennettsville, a facility of the Bureau of Prisons (BOP), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint names BOP employees as defendants.[2]  Having reviewed the Complaint in accordance with applicable

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

### Background

Plaintiff alleges that "Defendant Williams conspired with Defendant Thomas and wrote an incident report alleging: Insolence towards staff, using abusive language, and refusing to obey an order." ECF No. 1, page 4. Plaintiff believes that the disciplinary charge stems from Defendant Thomas' "strong personal dislike for Plaintiff." *Id.* On August

20, 2009, Plaintiff was ordered to "do extra duty" by "Lieutenant Major." *Id.* Plaintiff was informed that upon completion of the extra duty assignment, "the incident report would be of no further force." *Id.* Plaintiff states that he "promptly completed the assigned extra duty tasks," but was informed by Lieutenant Major on August 21, 2009, that Defendant Captain Del Ray had directed the formal processing of Plaintiff's incident report. *Id.* Plaintiff claims that such action constituted an "attempt to adjudicate and punish [Plaintiff] for the same offense." *Id.* Thus, Plaintiff claims violations of the "Due Process and Double Jeopardy clauses to the Fifth Amendment." *Id.*

Plaintiff was then referred to the Discipline Hearing Officer (DHO), Defendant Comstock, who proceeded to sanction Plaintiff with "180 days loss of commissary, thirteen days loss of good conduct time earned, thirty days of segregation suspended and 180 days of probation." *Id.* at 5. Plaintiff alleges that he tried to explain to Defendant Comstock that the matter had been resolved via extra duty assignments, however, this Defendant indicated that "she did not care about what Lieutenant Major had done." *Id.* Plaintiff further claims that Defendant Thomas "made patently false statements to the DHO that resulted in aggravated sanctions being imposed on Plaintiff." *Id.*

Prior to filing "a Regional Administrative Remedy appeal" on October 22, 2009, Plaintiff states that he went to "Warden Drew, Associate Warden White, Captain Del Ray, Unit Manager Outlaw and Defendant Thomas in an attempt to resolve the issue of double punishment, all to no avail." *Id.* Plaintiff states that he has now exhausted his administrative remedies. *Id.* at 5-6. In addition to his claims against Defendants Williams, Thomas and Comstock, Plaintiff names Defendant Drew as "the supervisor of all employees at FCI Bennettsville and labels Defendant Drew's failure to take corrective

3

action in his case as negligence. *Id.* at 7. It appears that Defendant Harvey Lappin, Director of the Federal Bureau of Prisons, is also named in a supervisory capacity. *Id.* at 1-2. Defendants Ray Holt, Regional Director at the South East Regional Office[3], and Harrel Watts, Administrator National Inmate Appeals, are named for their respective roles in processing Plaintiff's administrative appeals. *Id.* at 7-8. Plaintiff states that "Captain Del Ray required petitioner to undergo further process after knowing that the incident had already been resolved," and "Unit Manager Outlaw turned a blind eye towards Plaintiffs plight." *Id.* at 8.

Plaintiff seeks compensatory and punitive damages, "an expungement of the record for the alleged infraction and a full restoration of his privileges." *Id.* at 9. Plaintiff also seeks injunctive relief. *Id.*

## Discussion

The Complaint states that "[t]his action arises under Title 42 USC 1983." ECF No. 1, page 1. However, as Plaintiff is bringing suit against various federal employees, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v. Green*, 446 U.S. 14,18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-

---

[3] Plaintiff originally identified this Defendant as John Doe.

820, n. 30 (1982).  *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*.)

The instant case alleges a violation of Plaintiff's due process rights associated with a disciplinary hearing and conviction, which Plaintiff claims resulted in his being subjected to cruel and unusual punishment. As an initial matter, Plaintiff's claim alleging a denial of due process during his disciplinary proceedings is subject to summary dismissal.  In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  The rationale in *Heck* applies equally to *Bivens* actions.  *See Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008)("Although Heck involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to bar *Bivens* claims.")(citation omitted));  *Messer v. Kelly*, No. 97-7144, 1997 WL 712811 (4th Cir. Nov. 17, 1997); *Abella v. Rubino*, 63 F. 3d 1063, 1065 (11th Cir. 1995).  *Heck's* ruling was subsequently extended to a prisoner's claim for damages regarding loss of good time credits in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983").  *See Edwards v. Ogunsile*, C/A No. 0:09-3319-TLW-PJG, 2011 WL 779884 at *3 (D.S.C. Jan. 24,

5

2011)("The rule in *Heck* applies to prison disciplinary convictions as well as criminal ones.").

The Complaint claims that the disciplinary proceedings, for which Plaintiff was allegedly denied due process, resulted in his loss of canteen privileges and "thirteen days loss of good conduct time earned." ECF No. 1, page 5.  As relief, Plaintiff "seeks an expungement of the record for the alleged infraction, and a full restoration of [Plaintiff's] privileges."  *Id.* at 9. While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations such as Plaintiff's, where the administrative action affected credits toward release based on good time served, *Heck* bars the § 1983/*Bivens* claim.  *See Muhammad v. Close*, 540 U.S. 749, 751 (2004)("*Heck's* requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Since *Heck* applies in the instant circumstance, and Plaintiff has not shown that his institutional conviction and sentence have been invalidated, his due process claim is barred by the holdings in *Heck* and *Edwards*.

Plaintiff also alleges that his "double punishment" constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.  ECF No. 1, page 6.  The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently

6

grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)(citation omitted). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. *Farmer v.. Brennan*, 511 U.S. 825 (1994).

In the present case, Plaintiff was ordered, on August 20, 2009, to complete extra duty assignments for the disciplinary infraction which he "promptly completed" prior to the formal processing of the incident report on August 21, 2009. ECF No. 1, page 4. Upon completion of the formal disciplinary proceedings, Plaintiff also lost commissary privileges, thirteen days of good conduct time, and was ordered "thirty days of segregation suspended and 180 days of probation." While Plaintiff obviously believes that the imposition of "aggravated sanctions" was unfair, the Complaint contains no facts to indicate that Plaintiff was denied any basic human need, or that the Defendants disregarded any known risk to Plaintiff's health or safety. As Plaintiff fails to demonstrate that the "double punishment" allegedly imposed by the Defendants constitutes cruel and unusual punishment, his Eighth Amendment claim must fail.

<u>Recommendation</u>

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process. *Plaintiff's attention is directed to the important notice on the next page.*

                                       s/Bruce Howe Hendricks
                                       United States Magistrate Judge

March 15, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).